WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven J. Braunlich, Jr., | No. CV-19-05906-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Road Trip Auto LLC, et al., | |
| Defendants. | |

Pending before the Court is a motion for default judgment by Plaintiff Steven J Braunlich, Jr. ("Braunlich") against Defendants Arizona Road Trip Auto LLC ("ARTA") and Ismael Navarro ("Navarro") (collectively, "Defendants"). (Doc. 13.) For the following reasons, the motion will be granted.

## BACKGROUND

I.  Factual Background

The following facts are derived from Braunlich's complaint. (Doc. 1.) ARTA is a used-car dealership located in Mesa, Arizona. (*Id.* ¶¶ 8-10.) Navarro is ARTA's sole member and owner and is also responsible for overseeing ARTA's day-to-day operations, including its purchase and sale of vehicles. (*Id.* ¶¶ 11-14.)

In July 2019, a non-party car dealership purchased a 2011 Chevrolet Silverado. (*Id.* ¶¶ 17-18.) At the time of this purchase, the Silverado had an odometer reading of 210,000 miles. (*Id.*; Doc. 1-1 at 13-14 [bill of sale].)

In September 2019, ATRA purchased the Silverado from the non-party at an

1   auction.  (Doc. 1 ¶ 21.)  Around the time of this purchase, the Silverado had an odometer
2   reading of 211,163 miles.  (*Id.* ¶ 1, 20; Doc. 1-1 at 16-17 [bill of sale].)

3   After purchasing the Silverado, "Defendants rolled back or altered the odometer" to
4   make it appear that the Silverado had only been driven 128,000 miles.  (Doc. 1 ¶¶ 1, 35,
5   53-54.)  Defendants then posted an online advertisement that "listed the Silverado as
6   having a 'Clean Title,' and having only '128,000 Miles.'"  (Doc. 1 ¶ 24-25; Doc. 1-1 at 19-
7   20 [actual advertisement].)

8   Braunlich, who resides in New Mexico, reached out to ATRA about the Silverado
9   after seeing the advertisement.  (Doc. 1 ¶ 26.)  During subsequent communications,
10  Defendants never disclosed that the odometer had been rolled back and affirmatively
11  "made false statements and representations."  (*Id.* ¶¶ 27-29, 51, 58.)  Braunlich traveled to
12  Arizona to complete the purchase, ultimately paying $7,000.  (*Id.* ¶¶ 30-31.)

13  During Braunlich's return trip to New Mexico, the Silverado's check-engine light
14  came on.  (*Id.* ¶ 1.)  This prompted Braunlich to obtain a vehicle history report.  (*Id.*)  Upon
15  reviewing this report, Braunlich learned that the odometer had been rolled back.  (*Id.*)  Had
16  the odometer not been rolled back, the true value of the Silverado would have been
17  $1,500—meaning that Braunlich overpaid to the tune of $5,500.  (*Id.* ¶¶ 72, 84.)

18  II.   Procedural History
19        On December 27, 2019, Braunlich filed the complaint.  (Doc. 1.)
20        On February 20, 2020, Braunlich filed proof of service as to each Defendant.  (Docs.
21  7, 8.)
22        On March 16, 2020, Braunlich applied for an entry of default against each
23  Defendant.  (Doc. 10.)
24        On March 17, 2020, the Clerk entered the requested defaults.  (Doc. 11.)
25        On July 22, 2020, Braunlich moved for default judgment.  (Doc. 13.)
26        …
27        …
28        …

**DISCUSSION**

I.   Default Judgment Standard

The "decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The following factors, known as the *Eitel* factors, may be considered when deciding whether default judgment is appropriate:  (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits.  *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

"[T]he general rule" for default judgment purposes "is that well-pled allegations in the complaint regarding liability are deemed true." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).  "The district court is not required to make detailed findings of fact." *Id.*  "However, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

II.  The First, Fifth, Sixth, And Seventh *Eitel* Factors

"In cases like this one, in which Defendants have not participated in the litigation at all, the first, fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, 2020 WL 1495210, *3 (D. Ariz. 2020).

The first factor weighs in favor of default judgment.  If Braunlich's motion were denied, he would be without other recourse for recovery. *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

The fifth and sixth factors weigh in favor of default judgment or are neutral.  Due to Defendants' failure to participate, there is no dispute over material facts and no indication that default is due to excusable neglect.

The seventh factor generally weighs against default judgment, given that cases "should be decided on their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the existence of Rule 55(b), which authorizes default judgments, "indicates that

this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177.  Put simply, "the default mechanism is necessary to deal with wholly unresponsive parties who could otherwise cause the justice system to grind to a halt.  Defendants who appear to be 'blowing off' the complaint should expect neither sympathy nor leniency from the court." 2 Gensler, Federal Rules of Civil Procedure Rules and Commentary, Rule 55, at 119-20 (2020).

III. The Fourth *Eitel* Factor—The Amount Of Money At Stake

Under the fourth factor, the Court considers the amount of money at stake in relation to the seriousness of the defendant's conduct.  Here, Braunlich seeks a total of $21,392, composed of $16,500 in damages, $4,335 in attorneys' fees, and $557 in costs.  (Doc. 13 at 1.)

In Part VI below, the Court addresses the sufficiency of Braunlich's evidence as to each claimed category of damages.  For purposes of the fourth *Eitel* factor, the Court simply notes that that, in light of the seriousness of Defendants' conduct (*i.e.,* intentionally rolling back an odometer in an effort to commit consumer fraud and earn thousands of dollars in unearned profits), an award of $21,392, while substantial, would not be excessive.  The fourth *Eitel* factor is therefore neutral.

IV. The Second And Third *Eitel* Factors—Merits And Sufficiency

That leaves the second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint.  "These two factors are often analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Vietnam Reform Party v. Viet Tan - Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019) (internal quotation marks omitted).  "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Id*.

Here, both factors weigh in favor of granting default judgment.  Taken as true, the factual allegations in the complaint easily establish that Defendants violated 49 U.S.C. § 32703, which prevents tampering with odometers, and did so with the intent to defraud.

…

V. Balancing The Factors

Having considered all of the *Eitel* factors, the Court concludes that default judgment is appropriate.

VI. Damages, Attorneys' Fees, And Costs

As noted, Braunlich seeks $16,500 in damages, $4,335 in attorneys' fees, and $557 in costs. (Doc. 13 at 1.)

As for the request for $16,500 in damages, the complaint alleges that Defendants' conduct caused Braunlich to suffer $5,500 in actual damages, which is the price he actually paid for what he thought was a 2011 Silverado with 128,000 miles ($7,000) minus the true value of a 2011 Silverado with over 211,000 miles ($1,500). (Doc. 1 ¶¶ 72, 84.) Notably, Braunlich does not simply rely on the allegations in his complaint to prove his damages, which would be improper.[1] Instead, he submitted evidence in support of his default-judgment motion to substantiate these figures. (Doc. 13-1 ¶¶ 16, 25-28.)

Actual damages are automatically trebled in cases—like this case—involving intentional odometer fraud. *See* 49 U.S.C. § 32710(a) ("A person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater."). Thus, Braunlich has established that he is entitled to $16,500 in damages.

An award of reasonable attorneys' fees and costs is mandatory to the prevailing plaintiff in an Odometer Act case. *See* 49 U.S.C. § 32710(b) ("The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."). The Court has carefully reviewed the affidavits submitted by Braunlich in support of his fee request and concludes that the requested sum of $4,335—which represents 10.2 hours of Braunlich's lead counsel's time, at $425 per hour—is reasonable. Just over 10 hours is a reasonable amount of time to draft a complaint, move for default and default judgment, and respond to an order to show cause. Additionally, counsel has avowed that he exercised

---

[1] *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.").

- 5 -

reasonably billing judgment and reduced his recorded time by 3.3 hours. (Doc. 13-3 ¶ 8.) Finally, counsel's $425 hourly rate has been deemed reasonable by other judges in the District of Arizona (*id.* ¶ 4) and counsel also submitted an affidavit from a third-party attorney attesting to the reasonableness of his hourly rate (Doc. 13-4 ¶ 7).

As for costs, Braunlich has submitted proof that he paid $157 in process server fees (Doc. 13-3 ¶ 10; 13-4 at 8) and a $400 filing fee to initiate this action (Doc. 13-3 ¶ 11).

The Court will therefore award the full amount sought by Braunlich, for a total award of $21,392.

Accordingly,

**IT IS ORDERED** that Braunlich's motion for default judgment (Doc. 13) is **granted**. A separate judgment against Defendants will issue, after which the Clerk of Court shall terminate this action.

Dated this 21st day of August, 2020.

Dominic W. Lanza
United States District Judge